**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division**

|  |  |  |
|---|---|---|
| LISA A. WOLFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CA No. L02-3932 |
| | ) | |
| LITTON ADVANCED SYSTEMS, INC. | ) | |
| and | ) | |
| | ) | |
| NORTHROP GRUMMAN SYSTEMS CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND DEFENSES OF DEFENDANTS TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure and the Consent Motion for an Extension of time filed on February 27, 2003, Defendants Litton Advanced Systems, Inc. ("LAS") and Northrop Grumman Corporation[1] ("Northrop Grumman" or "Defendant") by their undersigned attorneys, hereby answer Plaintiff's First Amended Complaint ("Complaint") as follows:

---

[1] Plaintiff's Complaint names "Northrop Grumman Systems Corporation" as a defendant. There is no such entity. The correct corporate entity is "Northrop Grumman Corporation." Litton Advanced Systems, Inc., also a named defendant, is a business unit of Litton Industries, Inc., which is a subsidiary corporation of Northrop Grumman Corp. The only proper defendant here is Northrop Grumman Corporation, as Litton Advanced Systems is not a separate corporate entity.

## INTRODUCTION

1.  Defendant admits that Plaintiff seeks to bring the claims of sex discrimination, hostile work environment sexual harassment, retaliation, constructive discharge, breach of contract, and violations of the statutes identified in Paragraph 1 of the Complaint. Defendant denies that it violated any of the identified statutes or that it has discriminated against or wronged Plaintiff in any way and further denies the remaining allegations in Paragraph 1 of the Complaint.

## PARTIES

2.  Upon on information and belief, Defendant admits the allegations in Paragraph 2 of the Complaint.

3.  Defendant denies the allegations in Paragraph 3 of the Complaint.

4.  Defendant admits the allegations in the first sentence of Paragraph 4 of the Complaint. Defendant admits that it regularly conducts business in Maryland. Defendant denies the remaining allegations in this Paragraph.

5.  Defendant avers that in April 2001, Northrop Grumman acquired Litton Industries, Inc. ("LII") and that Litton Advanced Systems, Inc. ("LAS") was a business unit of LII. Defendant admits that Plaintiff uses the terms identified in the second sentence of Paragraph 5 of the Complaint but objects to such characterization and avers that it is misleading and inaccurate.

6.  Defendant avers that at all times relevant to this Complaint, Steve Mazzo was Executive Vice President of LAS's Electronic Combat business unit and was Plaintiff's second-line manager and denies the remaining allegations of Paragraph 6 of the Complaint.

7. Defendant avers that at all times relevant to this Complaint, John Roth was Vice President of LAS electronic combat and denies the remaining allegations in Paragraph 7 of the Complaint.

8. Defendant avers that at all times relevant to this Complaint, Mike Peters was the Executive Director for Information Technology and engineering design automation for LAS and denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant avers that at all times relevant to this Complaint, Ken Peters was a LAS Staff Scientist and a member of Plaintiff's department and denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant avers that at all times relevant to this Complaint, Lynn Gahagan was the LAS Senior Director of San Jose engineering and denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant avers that at all times relevant to this Complaint, Larry Ashby was an LAS Senior Staff Scientist in San Jose, CA and denies the remaining allegations in Paragraph 11 of the Complaint.

12. Defendant avers that at all times relevant to this Complaint, Bob Ossentjuk was an LAS Engineering Manager and denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant avers that until approximately February 1, 2002, Tim Edwards was the Executive Human Resources Director for LAS and denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant avers that Mike Gering was LAS's President until October 1, 2001 and denies the remaining allegations in Paragraph 14 of the Complaint.

## ADMINISTRATIVE PREREQUISITES

15. Defendant incorporates by reference its responses to Paragraphs 1 through 14 of this Complaint.

16. Paragraph 16 of the Complaint asserts conclusions of law to which no responses are required.

17. Paragraph 17 of the Complaint asserts conclusions of law to which no responses are required.

18. Paragraph 18 of the Complaint asserts conclusions of law to which no responses are required.

19. Paragraph 19 of the Complaint asserts conclusions of law to which no responses are required.

20. Defendant avers that an administrative charge of discrimination against Northrop Grumman was filed with the Prince George's County Government Human Rights Commission (HRC Case No.: ds02-11; EEOC Case No. 12HA200075) in the name of Plaintiff, alleging discrimination in employment on the basis of sex, sexual harassment, retaliation and constructive discharge. Whether this charge was timely filed is a conclusion of law to which no response is required. Defendant denies the remaining allegations set forth in Paragraph 20 of the Complaint.

21. Defendant admits the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant lacks sufficient information or belief to admit or deny the allegations in Paragraph 22 of the Complaint.

## JURISDICTION AND VENUE

23. Defendant incorporates by reference its responses to Paragraphs 1 through 22 of this Complaint.

24. Paragraph 24 of the Complaint asserts conclusions of law to which no responses are required. To the extent that any response is required, Northrop Grumman admits that Plaintiff seeks to invoke the jurisdiction of this Court as described in Paragraph 24, and otherwise denies the remaining allegations in this Paragraph.

## FACTS

25. Defendant incorporates by reference its responses to Paragraphs 1 through 24 of this Complaint.

26. Defendant lacks information sufficient to form a belief concerning the allegations in the Paragraph 26 of the Complaint and so, denies these allegations.

27. Defendant avers that Plaintiff began her employment with a predecessor company to LAS in 1988. Defendant denies the allegations in the second sentence of Paragraph 27 of the Complaint.

28. Defendant avers that while employed by LAS and its predecessor company, Plaintiff received generally favorable performance reviews. Defendant admits that while at LAS, Plaintiff was promoted, ultimately to manager of LAS's engineering design automation department. Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant admits Plaintiff never informed her supervisor or any other member of management at LAS or Northrop Grumman, nor did she file an internal grievance concerning the

alleged touching incident that she describes in Paragraph 30 of the Complaint.  Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31.	Defendant admits the allegations in the first two sentences of Paragraph 31 of the Complaint.  Defendant avers that Plaintiff's position with LAS required routine contact with at least some of the individuals on the telephone conference of August 29, 2001.  Defendant denies the remaining allegations of Paragraph 31 of the Complaint.

32.	Defendant admits the allegations in the first sentence of Paragraph 32 of the Complaint.  Defendant denies the remaining allegations in this Paragraph.

33.	Defendant avers that Mr. Mazzo used various permutations of the word "fuck" during the August 29, 2001 telephone conference.  To the extent that Plaintiff alleges in Paragraph 33 of the Complaint that the language that Mr. Mazzo directed at Plaintiff differed in character from the language that he directed at Mike Peters and any others on the telephone conference, these allegations are denied.  Defendant denies the remaining allegations in this Paragraph.

34.	Defendant denies the allegations in Paragraph 34 of the Complaint.

35.	Defendant admits the allegations made in the second sentence of Paragraph 35, but denies any implication that Mr. Mazzo made any sexual reference to or about Plaintiff or any other female.  Defendant denies the remaining allegations in this Paragraph.

36.	Defendant avers that, when discussing the August 29 conference call with Plaintiff, John Roth and Mike Peters each told Plaintiff that, based on her concerns about the incident, she should file a grievance.  Defendant denies the implication in this Paragraph that either of these individuals believed or understood that Plaintiff believed that Mr. Mazzo's actions

constituted sexual harassment of Plaintiff. Defendant denies the remaining allegations of this Paragraph.

37. Defendant admits that shortly after the August 29, 2001 telephone conference, Plaintiff filed an internal grievance with Northrop Grumman/LAS. Defendant avers that the internal grievance speaks for itself and denies Plaintiff's characterization thereof. Defendant admits the allegations in the second and third sentences of Paragraph 37 of the Complaint, but denies the allegations in the final sentence of this Paragraph.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant avers that, during the grievance process, LAS (at Plaintiff's request), management agreed to notify Plaintiff whenever Mr. Mazzo, who worked in the San Jose, CA office, was in the LAS offices in Maryland. Defendant admits that from time to time following the August 29, 2001 telephone conference, Plaintiff took part in face-to-face meetings and telephone conferences that included Mr. Mazzo, but Defendant denies that it required Plaintiff to do so or that such incidental contact was not job related. Defendant denies the remaining allegations of Paragraph 42 of the Complaint.

43. Defendant avers that following Northrop Grumman's April 2001 acquisition of LII, LAS would be integrated into Northrop Grumman's Electronic Systems ("ES") sector. Defendant further avers that starting in approximately mid-October 2001, Plaintiff entered discussions with the ES Director of Software Engineering and Design Automation, Gloria Flach,

and the Manager of Process & Tool Development Support, Doug Norton, concerning opportunities that may be available to Plaintiff in the organization following the integration of LAS into Northrop Grumman's ES sector. Defendant denies the remaining allegations in Paragraph 43 of the Complaint.

44.     Defendant avers that on approximately November 30, 2001, at Plaintiff's request, she and Mr. Mazzo met in person, along with Tim Edwards, the Executive Human Resources Director for LAS, to discuss the working relationship between Plaintiff and Mr. Mazzo. Defendant further avers that after a brief meeting among the three, at Plaintiff's request, Mr. Edwards left the meeting so that Plaintiff and Mr. Mazzo could meet alone. Defendant admits that during this meeting between Plaintiff and Mr. Mazzo, Mr. Mazzo made a statement to the effect that he "wasn't going anywhere." Defendant denies the remaining allegations in Paragraph 44 of the Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant avers that in approximately mid-October 2001, Plaintiff discussed with Ms. Flach and Mr. Norton possible responsibilities that she may be assigned in Northrop Grumman following the integration of LAS into Northrop Grumman's ES sector. Defendant denies the remaining allegations in Paragraph 51 of the Complaint.

52. Defendant avers that in approximately mid-November 2001, Northrop Grumman offered Plaintiff the position of Manager, CAD/CAM Engineering, which was comparable to the position that she formerly held with LAS and for which Plaintiff would receive the same rate of compensation. Defendant denies the remaining allegations of Paragraph 52.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant admits that Plaintiff did not accept the position offered to her by Northrop Grumman. Defendant denies the remaining allegations in the first sentence of Paragraph 54 of the Complaint. Defendant avers that after Plaintiff declined to accept its offer, that the position was subsequently offered to an employee who had been on her staff. Defendant denies the remaining allegations in the second sentence of this Paragraph.

55. Defendant avers that Plaintiff entered a "Stay Agreement" with LAS on or about February 1, 2001. Defendant further admits that Plaintiff has correctly quoted that Agreement, in part. Defendant avers that the Stay Agreement speaks for itself in full. Defendant denies that it breached the Stay Agreement and denies the remaining allegations of Paragraph 55 of the Complaint.

56. Defendant avers that Plaintiff's last date of employment was February 8, 2002. Defendant denies the remaining allegations in Paragraph 56 of the Complaint.

57. Defendant admits that the Stay Agreement does not state that a waiver of her right to sue Northrop Grumman is a prerequisite to anything offered therein. Defendant further admits that Plaintiff refused to sign the waiver as requested by Northrop Grumman. Defendant denies that it had any obligation to pay anything to Plaintiff pursuant to the Stay Agreement. Defendant denies the remaining allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in the first and last sentences of Paragraph 58 of the Complaint. Defendant admits that Plaintiff was placed on medical leave for approximately the last month of her employment. Defendant lacks information or belief concerning the remaining allegations in Paragraph 58 of the Complaint, and so, denies these allegations.

59. Defendant lacks knowledge or information about any family relationship between Plaintiff and Christine Wolff or David DeMay. Defendant avers that Christine Wolff was employed on a part-time basis by LAS as an intern. Plaintiff further avers that Mr. Mazzo was Christine Wolff's fourth-line supervisor until approximately December 2001. Defendant also avers that Christine Wolff was not offered a full-time position with Northrop Grumman based on legitimate business reasons. Defendant admits that David DeMay was employed by LAS as a web developer. Defendant avers that any change in Mr. DeMay's work assignments were a result of the consolidation of LAS into Northrop Grumman. Defendant avers that Tom Shaffer is the Northrop Grumman Director of Human Resources for Engineering and Manufacturing, and admits that Mr. Shaffer urged Plaintiff to settle her disagreement and to move on with her life. Defendant denies the remaining allegations of Paragraph 59 of the Complaint.

60. Defendant lacks information or belief concerning the allegations in Paragraph 60 of the Complaint and denies those allegations.

## COUNT I – SEX DISCRIMINATION IN VIOLATION OF TITLE VII

61. Defendant incorporates by reference its responses to Paragraphs 1 through 60 of this Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs (A) through (E), inclusive, of her prayer for relief in connection with Count I, or to any relief whatsoever, and further denies any factual allegations contained therein. Defendant requests that Plaintiff's Prayer for Relief be denied and that Northrop Grumman be awarded its costs and attorneys' fees expended in the defense of this action, and such other relief as this Court may deem appropriate.

## COUNT II – RETALIATION IN VIOLATION OF TITLE VII

65. Defendant incorporates by reference its responses to Paragraphs 1 through 64 of this Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs (A) through (E), inclusive, of her prayer for relief in connection with Count II, or to any relief whatsoever, and further denies any factual allegations contained therein. Defendant requests that Plaintiff's Prayer for Relief be denied and that Northrop Grumman be awarded its costs and attorneys' fees expended in the defense of this action, and such other relief as this Court may deem appropriate.

## COUNT III – SEX DISCRIMINATION IN VIOLATION OF PRINCE GEORGE'S COUNTY HUMAN RIGHTS ACT

69. Defendant incorporates by reference its responses to Paragraphs 1 through 68 of this Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs (A) through (C), inclusive, of her prayer for relief in connection with Count III, or to any relief whatsoever, and further denies any factual allegations contained therein. Defendant requests that Plaintiff's Prayer for Relief be denied and that Northrop Grumman be awarded its costs and attorneys' fees expended in the defense of this action, and such other relief as this Court may deem appropriate.

## COUNT IV – SEX DISCRIMINATION IN VIOLATION OF MD CODE

72. Defendant incorporates by reference its responses to Paragraphs 1 through 72 of this Complaint.

73. Defendant denies the allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs (A) through (F), inclusive, of her prayer for relief in connection with Count IV, or to any relief whatsoever, and further denies any factual allegations contained therein. Defendant requests that Plaintiff's Prayer for Relief be denied and that Northrop Grumman be awarded its costs and attorneys' fees expended in the defense of this action, and such other relief as this Court may deem appropriate.

## COUNT V – VIOLATION OF MD WAGE PAYMENT AND COLLECTION LAW

75. Defendant incorporates by reference its responses to Paragraphs 1 through 74 of this Complaint.

76. Defendant denies that any payments are due and owing to Plaintiff.

77. Defendant denies that any payments are due and owing to Plaintiff.

78. Defendant denies the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

Defendant denies that Plaintiff is entitled to the relief requested in her prayer for relief in connection with Count V, or to any relief whatsoever, and further denies any factual allegations contained therein.  Defendant requests that Plaintiff's Prayer for Relief be denied and that Northrop Grumman be awarded its costs and attorneys' fees expended in the defense of this action, and such other relief as this Court may deem appropriate.

## COUNT VI – BREACH OF CONTRACT

80. Defendant incorporates by reference its responses to Paragraphs 1 through 79 of this Complaint.

81. Defendant avers that Plaintiff entered a "Stay Agreement" with LAS on or about February 1, 2001. Defendant further admits that Plaintiff has correctly quoted that Agreement, in part.  Defendant further avers that the Stay Agreement speaks for itself in full.  Defendant denies that it breached the Stay Agreement and denies the remaining allegations of Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant admits that it did not pay Plaintiff pursuant to the Stay Agreement, but denies that it had any obligation to do so.  Defendant denies that it did not offer Plaintiff a "comparable position on similar terms and conditions" and denies the remaining allegations of Paragraph 83.

Defendant denies that Plaintiff is entitled to the relief requested in Paragraphs (A) and (B) of her prayer for relief in connection with Count VI, or to any relief whatsoever, and further denies any factual allegations contained therein. Defendant requests that Plaintiff's Prayer for Relief be denied and that Northrop Grumman be awarded its costs and attorneys' fees expended in the defense of this action, and such other relief as this Court may deem appropriate.

## JURY DEMAND

Defendant admits that Plaintiff requests a trial by jury. Whether trial by jury is available to Plaintiff is a legal conclusion to which no response is required.

## ADDITIONAL DEFENSES

1. Plaintiff's Complaint fails to state a claim for sex discrimination or for retaliation in violation of Title VII, upon which relief can be granted.

2. To the extent that Plaintiff has alleged a claim of constructive discharge, she has failed to state such a claim upon which relief can be granted.

3. To the extent that Plaintiff's Complaint alleges a claim for hostile work environment sexual harassment, Plaintiff fails to state such a claim in violation of Title VII, upon which relief can be granted.

4. Because Plaintiff has failed to state a claim for sex discrimination, hostile work environment or retaliation under Title VII, Plaintiff is not entitled to any compensatory damages including back pay or front pay, lost business opportunities and expenses, attorney's fees or other costs under Title VII.

5. All actions taken by Defendant or its agents with regard to Plaintiff were based on legitimate, non-discriminatory reasons.

6. Plaintiff did not suffer any damages as a result of any action taken by Northrop Grumman. To the extent that Plaintiff is found to have suffered any damages, she has failed to mitigate those damages. To the extent Plaintiff has failed to mitigate her damages, her requests for relief are barred or diminished.

7. Northrop Grumman did not act discriminatorily with malice or reckless indifference to Plaintiff's federally protected rights, and thus, Plaintiff has no legally cognizable claim for punitive damages under Title VII.

8. Northrop Grumman did not discriminate against Plaintiff based on her sex, and thus, Plaintiff is not entitled to damages, injunctive relief, attorney's fees or other costs under the Prince George's County Human Rights Act.

9. Plaintiff lacks standing to bring a claim under Maryland's Fair Employment Practices Act.

10. Plaintiff has failed to state a claim for violation of Maryland's Wage Payment and Collection Law, upon which relief can be granted.

11. Plaintiff has failed to state a claim for breach of contract upon which relief can be granted.

12. To the extent that Plaintiff has alleged a claim for loss of consortium, she has failed to state such a claim upon which relief can be granted.

13. At all times, Northrop Grumman acted reasonably and in good faith towards Plaintiff.

Dated: March 14, 2003						Sincerely,

										_____
										James J. Kelley (Bar No. 06669)
										Christine B. Cox (Bar No. 14878)
										MORGAN, LEWIS & BOCKIUS LLP
										1111 Pennsylvania Ave., NW
										Washington, D.C. 20036
										202.739.3000
										202.739.3001 (facsimile)

										Counsel for Defendants
										LITTON ADVANCED SYSTEMS, INC.
										and NORTHROP GRUMMAN SYSTEMS CORP.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer and Defenses of Defendant to Plaintiff's Complaint was served this 14th day of March, 2003, by first class mail, postage prepaid on the following counsel of record for Plaintiff:

>Mindy G. Farber, Esq.
>R. Douglas Taylor, Jr., Esq.
>FARBER TAYLOR
>Once Central Plaza, Suite 808
>11300 Rockville Pike
>Rockville, MD   20852
>301.881.6800
>301.770.3927 (facsimile)

_____
Christine B. Cox

1-WA/1950404.1