**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| LISA A. WOLFF ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. L02-CV-3932 |
| ) | |
| LITTON ADVANCED SYSTEMS, INC. ) | |
| and ) | |
| NORTHROP GRUMMAN SYSTEMS ) | |
| CORPORATION ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF BILL OF COSTS
OF DEFENDANT NORTHROP GRUMMAN CORPORATION**

Pursuant to 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d) and Rule 109 of the Local Rules of the District of Maryland, Defendant Northrop Grumman Corporation ("Northrop Grumman") respectfully submits this Memorandum in support of its Bill of Costs in connection with the above-captioned matter.

Plaintiff Lisa A. Wolff filed her First Amended Complaint against Defendants Litton Advanced Systems, Inc.[1/] and Northrop Grumman on January 21, 2003 alleging discrimination in employment on the basis of her gender, sexual harassment, retaliation, constructive discharge, breach of contract and non-payment of wages. On September 18, 2003, this Court approved Plaintiff's voluntary dismissal of Counts IV and V of Plaintiff's Complaint, which brought causes of action for violation of Maryland's Wage Payment and Collection Law and for breach of contract. On September 25, 2003, Defendant Northrop Grumman filed its motion for

---

1/   Litton Advanced Systems was a former business unit of Litton Industries, Inc., which was acquired by Northrop Grumman in April 2001.

summary judgment on the remaining allegations in Plaintiff's Complaint. On November 13, 2003, this Court granted Defendant's Motion for summary judgment against Plaintiff, dismissing Plaintiff's Complaint in its entirety, with prejudice.

In connection with this Memorandum, Northrop Grumman is filing a verified Bill of Costs setting forth those disbursements to be taxed against the Plaintiff. These costs include the cost of deposition transcripts necessarily obtained for use in the case, the cost of duplicating pleadings, dispositive motions, and documents produced to Plaintiff in the course of discovery, costs for service of process and travel costs to defend and/or attend out of state depositions. In its successful defense against Plaintiff's suit, Northrop Grumman incurred significant costs for which reimbursement is statutorily authorized. As required by 28 U.S.C. § 1924 and Local Rule 109, a declaration from Christine B. Cox, the attorney who was principally responsible for this case, is attached as Appendix 1. The declaration verifies that all costs requested by Northrop Grumman were actually charged to Defendant and necessarily incurred in defense of this case. Northrop Grumman also provides Exhibits A through D of the Bill of Costs, which include invoices to support and summarize the taxable costs in this case.

Costs other than attorneys' fees are awarded to the prevailing party as a matter of course unless the court otherwise directs. See Fed. R. Civ. P. 54(d)(1); see also Dick's Sporting Goods, Inc. v. Dick's Clothing & Sporting Goods, Inc., 12 F. Supp. 2d 499, 501 (D. Md. 1998) (recognizing this general rule regarding awards of costs to the prevailing party). Section 1920 of the United States Code, the statutory authority for awarding costs, provides that "copies of papers necessarily obtained for use in the case" are recoverable as costs. 28 U.S.C. § 1920(4); see also Northbrook Excess & Surplus Ins. Co. v. Proctor & Gamble Co., 924 F.2d. 633, 642-43 (7th Cir. 1991) (allowing over $50,000 in photocopying costs when prevailing party showed that

"copies were made for this case for its attorneys and billed in the normal course"); American Medical Security, Inc. v. Larsen, 31 F. Supp. 2d 502, 509 (D. Md. 1998) ("Costs of copying documents may be recoverable where the copies are necessary for pretrial, the trial, or the appeal."); Grady v. Benzol Packaging Supply Co., 161 F.R.D. 477, 479 (N.D. Ga. 1995) (recoverable costs include copies of pleadings, correspondence, and other documents tendered to opposing party and copies of pleadings, motions, and memoranda provided to court); Thomas v. Treasury Mgmt. Assoc., 158 F.R.D. 364, 371 (D. Md. 1994) (relying on § 1920 in awarding copying costs to prevailing party); Board of Director, Water's Edge v. Aden Group, 135 F.R.D. 129, 138-39 (E.D. Va. 1991) (allowing recovery of fees for copies of documents submitted to court or opposing counsel).  Northrop Grumman's taxable photocopying costs are set forth in Exhibit B to the Bill of Costs.  The total copying costs defendant seeks to recover is $116.76, calculated at a rate of 12 cents per page, as prescribed by 28 U.S.C. ' 1920(4).

In addition, the cost incurred for deposition transcripts is also recoverable where, as here, depositions are used for dispositive, pre-trial motions.  See, e.g., LaVay Corp. v. Dominion Fed. Sav. & Loan Assoc., 830 F.2d 522, 528 (4th Cir. 1987) (costs of deposition are taxable "when the taking of a deposition is reasonably necessary at the time of its taking"); Thomas, 158 F.R.D. at 372 (D. Md. 1994) (awarding prevailing party costs for deposition transcripts "necessarily obtained" for use in pre-trial motion).  Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case are a recoverable cost.  See 28 U.S.C. § 1920(2); see also Tilton v. Capital Cities/ABC, Inc., 115 F.3d 1471, 1473-74 (10th Cir. 1997) (affirming district court's award of deposition transcript costs associated with depositions used by the court in considering defendant's summary judgment motion); Advance Business Systems & Supply Co. v. SCM Corp., 287 F. Supp. 143, 165 (D. Md. 1968), modified on other

grounds, 415 F.2d 55 (4th Cir. 1969), cert. denied, 397 U.S. 920 (1970) (relying on § 1920 to award costs for deposition transcripts reasonably necessary to the case). Northrop Grumman noticed only two depositions – that of Plaintiff and a designated expert, Karen Bartleson, whom Plaintiff later withdrew on the basis of her deposition. Defendant was billed a total of $1,551.02 for the cost of the original and one copy of these deposition transcripts. A copy of the invoices associated with these depositions is attached to the Bill of Costs as Exhibit A to the Bill of Costs.

In her Amended Complaint, Plaintiff asserted having suffered severe physical and psychological damage as a result of Defendants' alleged conduct. Northrop Grumman was therefore required to subpoena the records of Plaintiff's treating physicians, Dr. Steven Beckwith, Dr. Robert Dobrusin, Dr. Nancy Magone, Dr. William Dean Charmack, and Dr. Elizabeth Pallan, her family physician. The parties relied on the records maintained by these treating physicians in preparation for summary judgment pleadings and trial. The total cost for serving subpoenas *duces tecum* and obtaining copies of relevant records from each of her treating physicians was $400.00. A copy of these invoices are attached as Exhibit C to the Bill of Costs.

Plaintiff noticed the depositions of three witnesses – Michael Gering, a former President of Litton Advanced Systems, Plaintiff's former second-line manager, Steven Mazzo, and a former colleague, Bob Ossentjuk, all of whom resided out of state. Mr. Mazzo was Defendant's former Vice President and the alleged perpetrator in this case. Mr. Ossentjuk is a current Northrop Grumman employee whom Plaintiff contended was a witness to the wrongdoing alleged by her. The deposition testimony of Mr. Mazzo and Mr. Ossentjuk proved to be central to Defendant's dispositive summary judgment pleadings. Prevailing parties are entitled to recover for the cost of copies of deposition transcripts that are reasonably necessary. Scallet v. Rosenblum, 176 F.R.D. 522, 525 (W.D. Va. 1997). Defendant, therefore, is entitled to recover

the allowable costs associated with one copy of each of those transcripts in the total amount of $834.80. A copy of the invoices associated with transcripts for depositions noticed by Plaintiff is included in Exhibit A.

In addition, Northrop Grumman seeks reimbursement for the significant travel costs that it was forced to incur as a result of the out-of-state depositions of witnesses that were noticed by Plaintiff. It is within the discretion of this Court to award such travel costs under these circumstances. See, e.g., Miller v. Kenworth of Dothan, Inc., 117 F. Supp. 2d 1247 (M.D. Ala. 2000); DiCecco v. The Dillard House, Inc., 149 F.R.D. 239 (N.D. Ga. 1993). Specifically, Defendant is seeking reimbursement of travel costs associated with the attendance of the depositions of Steven Mazzo and Bob Ossentjuk, noticed by Plaintiffs to be held in San Francisco, California and Palo Alto, California respectively during the week of August 10, 2003. One of Plaintiff's depositions, Mr. Gering's, was conducted telephonically. Plaintiff, however, insisted on traveling to Mr. Mazzo's and Mr. Ossentjuk's locations for their depositions. Transcripts of both these depositions were extensively used in the summary judgment pleadings in this matter. Mazzo and Ossentjuk are both California residents and attendance at these depositions was crucial to the defense of this case. The total and necessary cost incurred for travel to attend these depositions in California was $3,239.64. Copies of the associated invoices in support of these costs are attached as Exhibit D to the Bill of Costs.

Northrop Grumman also seeks reimbursement for travel costs related to the deposition of Karen Bartleson in Colorado Springs, Colorado. Ms. Bartleson was one of four experts designated by Plaintiff in her Rule 26(2)(B) disclosures served on June 12, 2003.[2] Ms.

---

2/    Upon Defendant's request, Plaintiff's counsel voluntarily withdrew its designation of another identified expert, Dr. Thomas Borzilleri. Plaintiff also identified her treating physicians, Drs. Pallan and Charmack, as experts in this case.

Bartleson had never previously testified as an expert and had no knowledge of Northrop Grumman, Litton, or the position Northrop Grumman offered Plaintiff other than the information she was provided by Plaintiff. Plaintiff designated Ms. Bartleson to render an "expert" opinion on the comparability of the position that Plaintiff held at Litton to the position that she was offered by Northrop Grumman. On the basis of her deposition, *curriculum vitae*, and two-page "expert" report dated July 9, 2003, Plaintiff withdrew its designation of Ms. Bartleson as an expert in this case, in lieu of defending against a Motion for Disqualification under governing case law or Maryland's Rules of Evidence. There was no legitimate basis for naming Ms. Bartleson as an expert in the first instance and no basis for compelling her deposition in Colorado. Plaintiff could have produced Ms. Bartleson for deposition in Maryland, but refused to do so. Ms. Bartleson's deposition was an extraordinary and unnecessary expense to Northrop Grumman and so, Defendant should be reimbursed for the transportation costs incurred. The total and necessary cost incurred traveling to Colorado to take Ms. Bartleson's deposition was $995.86. A copy of the invoices associated with these costs is included in Exhibit D.

For the reasons set forth above, Plaintiff should be taxed the full amount of the costs as set forth in Northrop Grumman's Bill of Costs in the total amount of $7,138.08.

Respectfully submitted,

__/s/_____
James J. Kelley (Bar No. 06669)
Christine B. Cox (Bar No. 14878)
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
202.739.3000
202.739.3001 (facsimile)

Counsel for the Defendant
NORTHROP GRUMMAN CORP.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of December, 2003, a copy of the foregoing Bill of Costs of Defendant Northrop Grumman Corporation; Memorandum in Support of Bill of Costs of Defendant Northrop Grumman; and Declaration of Christine B. Cox in Support of the Bill of Costs of Defendant Northrop Grumman Corporation were mailed, first-class, postage prepaid to:

>Ronald M. Cherry, Esq.
>212 Washington Avenue
>3rd Fl.  Ste. 5
>Towson, MD  21204
>301.494.4954
>301.494.4952 (facsimile)

>____/s/_____
>Christine B. Cox