## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | |
|---|---|
| LISA A. WOLFF | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      Civil Action No. L02-CV-3932 |
| | ) |
| LITTON ADVANCED SYSTEMS, INC. | ) |
| and | ) |
| NORTHROP GRUMMAN SYSTEMS | ) |
| CORPORATION | ) |
| | ) |
| | ) |
| Defendant. | ) |

## DECLARATION OF CHRISTINE B. COX IN SUPPORT OF DEFENDANT
## NORTHROP GRUMMAN CORPORATION'S BILL OF COSTS

I, Christine B. Cox, hereby states that:

1.    I am an associate with the law firm of Morgan, Lewis & Bockius LLP, counsel for the Northrop Grumman Corporation ("Northrop Grumman) in this action. I am personally familiar with all the facts and prior proceedings in this matter.

2.    This declaration is submitted in support of Northrop Grumman's Bill of Costs under 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and Local Rule 109.

3.    On November 19, 2003, summary judgment on all claims in this action was entered against Plaintiff. (A copy of the Court's Order is appended hereto as Appendix 2.)

4.    The Bill of Costs and appended cost schedule submitted herewith were prepared by Morgan, Lewis & Bockius LLP personnel working under my direction and supervision and are based on the contemporaneous accounting records maintained by Morgan, Lewis & Bockius LLP during the course of this litigation. The costs claimed are

allowable by law, are correctly itemized, and were actually and necessarily incurred by Northrop Grumman in this case.

      5.      Copying services were performed at Morgan, Lewis & Bockius LLP.  The supporting documentation accurately reflects the costs claimed by Northrop Grumman at a rate of 12 cents per copy.

      6.      Northrop Grumman's total costs in the amount of $ 7,138.08 are properly taxable, and I respectfully request that this full amount be taxed against the Plaintiff.

      I declare under penalty of perjury that the foregoing is true and correct.

                                    Christine B. Cox
                                    Attorney for Defendant
                                    Northrop Grumman Corp.

Executed on this 3rd day of December, 2003

1-WA/2092470.1

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                *

LISA A. WOLFF,                  *

     Plaintiff,                 *

v.                              *    CIVIL NO.: WDQ-02-3932

LITTON ADVANCED SYSTEMS,        *
INC., et al.,
                                *
     Defendants.
*    *    *    *    *    *    *    *    *    *    *    *    *
```

## MEMORANDUM OPINION & ORDER

Lisa Wolff has sued Litton Advanced Systems, Incorporated
and Northrop Grumman Systems Corporation (collectively, "Northrop
Grumman") for employment discrimination in violation of Title VII
of the Civil Rights Act of 1964[1] ("Title VII"), the Prince
George's County Human Rights Act,[2] and § 16 of the Maryland
Code;[3] as well as for breach of contract.  Am. Compl. ¶¶ 61-74,
80-83.  Pending is Northrop Grumman's motion for summary
judgment.  Because the issues have been adequately briefed by the
parties, no hearing is necessary.  Local Rule 105.6 (D. Md.
2001).  For the following reasons, Northrop Grumman's motion for
summary judgment will be granted.

---

[1]42 U.S.C. § 2000e (2003).

[2]The County Code, Prince George's County, Maryland, Division 12, §§ 2-
185 to -200 (1999).

[3]Md. Ann. Code art. 49B, § 16 (1957, 1998 Repl. Vol., 2000 Cum. Supp.).

1

BACKGROUND

Wolff was an engineer with Litton Advanced Systems, Incorporated ("Litton") from 1986 until 2001. Am. Compl. ¶ 27. In April 2001, Northrop Grumman Systems Corporation acquired Litton. Mot. for Summ. J. ¶ 1. Wolff worked for Northrop Grumman until January 2002. Am. Compl. ¶ 27.

On August 29, 2001, Wolff participated in a telephone conference call with several of her subordinates, peers, and superiors. *Id.* ¶ 31. Wolff was the only female participant in the conference. *Id.*

One of her superiors, Steve Mazzo, was frustrated by technical problems caused, he believed, by Wolff's department. *Id.* ¶¶ 32-33. To express his displeasure, Mazzo used vulgar terms for sexual intercourse. *Id.* ¶ 32. Although Mazzo used vulgarity when speaking to many of the call participants, he directed much of his hostility toward Wolff. Wolff Dep. 33-37. Wolff thought that Mazzo alluded to her actually engaging in sexual intercourse with him and other male employees. Am. Compl. ¶¶ 33-34.

After the call, Wolff filed an internal grievance with Northrop Grumman alleging sexual harassment. *Id.* ¶ 37. Afterward, some of her male coworkers "distanced" themselves from her and refused to acknowledge her. *Id.* ¶ 38.

While awaiting completion of the investigation, Wolff asked

2

to be notified whenever Mazzo was visiting her office location and excused from contact with him.  Mot. for Summ. J. ¶ 10. Northrop Grumman complied.  *Id.*

At the conclusion of the investigation, the grievance investigator found that Mazzo had acted inappropriately and recommended that he: (1) be suspended for two weeks; (2) attend anger management training; (3) be issued a formal letter of reprimand; and (4) write a letter of apology to Wolff.  *Id.* ¶ 13. Northrop Grumman adopted two of the recommendations, and required Mazzo to attend anger management counseling and to accept a formal letter of reprimand in his personnel file.  *Id.* ¶ 15.

In October 2001, Northrop Grumman offered Wolff a position which she accepted because she thought it was comparable to the position she had held with Litton.  *Id.* ¶ 51.

In November 2001, Wolff requested a meeting with Mazzo to re-establish a working relationship with him.  *Id.* ¶ 16. Immediately following the meeting, Wolff informed Northrop Grumman that Mazzo had again used offensive language with her. Am. Compl. ¶ 45.  Northrop Grumman took no further action against Mazzo.  *Id.*

From October until December 2001, Wolff met periodically with Northrop Grumman representatives to determine the responsibilities of her new position.  Mot. for Summ. J. ¶ 23. Wolff understood that the organization of Northrop Grumman

3

differed from that of Litton and that she may not have the same
responsibilities.  *Id.*  Wolff made clear, however, that she
preferred to maintain supervision of at least two of the
components that she had managed before.  *Id.*

In December 2001, Northrop Grumman notified Wolff that she
would only supervise one of the functions that she had previously
managed.  *Id.* ¶ 24.  Wolff declined the new position because she
did not want less responsibility, and thought that accepting the
position would retard her career.  Am. Compl. ¶ 52.  Northrop
Grumman representatives tried to convince Wolff to accept the
job.  Norton Aff. ¶ 20.  She resigned in February 2002.  Mot. for
Summ. J. ¶ 29.

STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure,
summary judgment is appropriate when there is no genuine issue as
to any material fact, and the moving party is entitled to summary
judgment as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242, 249 (1986), the Supreme Court explained that, in
considering a motion for summary judgment, "the judge's function
is not . . . to weigh the evidence and determine the truth of the
matter but to determine whether there is a genuine issue for
trial."  A dispute about a material fact is genuine "if the
evidence is such that a reasonable jury could return a verdict

4

for the nonmoving party." *Id.* at 248.   Thus, "the judge must ask
. . . whether a fair-minded jury could return a verdict for the
[nonmoving party] on the evidence presented." *Id.* at 252.

In undertaking this inquiry, a court must view the facts and
the reasonable inferences drawn therefrom "in the light most
favorable to the party opposing the motion," *Matsushita Elec.
Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but
the opponent must bring forth evidence upon which a reasonable
fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317
(1986).   The mere existence of a "scintilla" of evidence in
support of the nonmoving party's case is not sufficient to
preclude an order granting summary judgment. *Anderson*, 477 U.S.
at 252.

ANALYSIS

A.   Sexual Discrimination in Violation of Title VII

Title VII provides that "it shall be an unlawful employment
practice for an employer . . . to discriminate against any
individual with respect to his compensation, terms, conditions,
or privileges of employment, because of such individual's race,
color, religion, sex, or national origin."   42 U.S.C. § 2000e-
2(a)(1) (2003).   This clause is meant to "strike at the entire
spectrum of disparate treatment of men and women in employment."
*Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78
(1998).   Harassment between men and women is not, however,

5

"automatically discrimination because of sex merely because the
words used have sexual content or connotations." *Id.* at 79-80.
The critical issue is whether "members of one sex are exposed to
disadvantageous terms or conditions of employment to which
members of the other sex are not exposed." *Id.* (*citing Harris v.
Forklift Sys., Inc.*, 510 U.S. 17, 25 (1993) (Ginsburg, J.,
concurring)).

    1.   Hostile Work Environment

    Wolff claims that Mazzo's use of offensive and abusive
language among her peers created a hostile work environment, in
violation of Title VII. Am. Comp. ¶ 62.

    To prevail on a hostile work environment claim, a plaintiff
must establish that: (1) she suffered unwelcome conduct; (2) the
conduct was based on gender; (3) the conduct was sufficiently
pervasive or severe to alter the conditions of employment and
create a hostile work environment; and (4) there is some basis
for imputing liability to the employer. *Matvia v. Bald Head
Island Mgmt.*, 259 F.3d 261, 266 (4th Cir. 2001) (*citing Smith v.
First Union Nat'l Bank*, 202 F.3d 234, 241 (4th Cir. 2000)).

    Undoubtedly Mazzo's conduct was unwelcome. *See generally*
Am. Compl. In addition, liability may be imputed to Northrop
Grumman because Mazzo was Wolff's supervisor. *See Burlington
Industries, Incorporated v. Ellerth*[4] and *Faragher v. City of Boca*

---

[4]524 U.S. 742, 765 (1998).

6

Raton,[5] (holding that an employer is vicariously liable for a
hostile work environment created by a supervisor); *Ocheltree v.
Scollon Prods., Inc.*, 308 F.3d 351, 355 (4th Cir. 2002) (*citing
Faragher*, 524 U.S. at 808; *Ellerth*, 524 U.S. at 765).

Wolff contends that although Mazzo used vulgarities with
males in the conference call, his language created images of
Wolff engaging in sex acts with him and others.  Wolff Dep. 33-
37.  Although Mazzo admits to directing vulgar language toward
conference call participants, including Wolff, he claims that the
words he used were intended only to reflect his anger, not to
create sexual implications.  Mazzo Dep. 105-106.

To show that discrimination is gender based, the plaintiff
must prove that the conduct in question was not "merely tinged
with sexual connotations," but actually constituted
*discrimination* because of sex.  *Oncale*, 523 U.S. at 81.  To
determine whether conduct is discrimination because of sex
requires the court to examine the objective severity of
harassment from the perspective of a reasonable person in the
plaintiff's position, considering the totality of the
circumstances.  *Id.*

In *Lack v. Wal-Mart Stores, Incorporated*,[6] an employee was
the object of offensive, vulgar, and sexually explicit comments

---

[5]524 U.S. 775, 808 (1998).

[6]240 F.3d 255 (4th Cir. 2001).

7

from his supervisor on a regular basis.  *Id.* at 257-58.  The
supervisor used graphic language toward many employees and was
eventually terminated for his behavior.  *Id.* at 260.  The
employee argued that although his supervisor used sexual language
with other employees, when the language was directed to him, it
was "obviously . . . because he was male."  *Id.* at 261.  The
Fourth Circuit concluded that the employee had only offered
sufficient evidence to show that the supervisor's conduct was
sexually-tinged harassment.  *Id.*  Sexually-tinged harassment,
without more, did not establish that the plaintiff was treated
differently or with greater hostility because of his gender.  *Id.*

     Wolff was in charge of the troubled project about which
Mazzo was complaining.  It is plausible that the vulgarities
toward Wolff were intended to convey Mazzo's displeasure with her
control of the project and refusal to comply with his
instructions.  Wolff has not offered more than a scintilla of
evidence that she was treated differently or with greater
hostility than a similarly situated man would have been treated.

     Even if she had shown that she was a victim of
discrimination, Wolff has not demonstrated that Mazzo's treatment
of her was so pervasive or severe as to alter the conditions of
her employment and create a hostile work environment.

     In determining whether conduct is sufficiently severe or
pervasive to violate Title VII, the court must examine all the

8

circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. *Harris*, 510 U.S. at 23.  "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'"  *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (*quoting Faragher*, 524 U.S. at 788).

The conduct alleged here, although crude, does not rise to the level of sexual discrimination.  Mazzo is accused of directing vulgarities toward Wolff on two occasions and once touching her back and shoulder.  Am. Compl. ¶¶ 30-33.  Three uncomfortable interactions over a period of fifteen years does not constitute a pervasive or consistent pattern of abuse.  *See Hopkins v. Baltimore Gas & Electric Co.*, 77 F.3d 745, 753 (4th Cir. 1996) (finding offensive comments and single instance of touching employee's back over a seven year period insufficient to show discrimination); *Murray v. City of Winston-Salem*, 203 F. Supp. 2d 493, 499 (M.D.N.C. 2002) (finding pattern of off color remarks and once touching employee's thigh over period of three years insufficient to show discrimination).

Because Wolff has not adduced sufficient evidence to show that Mazzo's conduct caused her workplace to be more hostile

9

because of her gender or that the offending incidents were severe
or pervasive enough to constitute discrimination, Northrop
Grumman's motion for summary judgment will be granted.

    2.   Retaliation

    Wolff contends that Northrop Grumman retaliated against her
for filing a sexual harassment grievance in violation of Title
VII by failing to offer her a comparable position when it
purchased Litton Advanced Systems.  Am. Compl. ¶ 52.

    To establish a prima facie case of retaliation, the
plaintiff must show that: (1) she engaged in a protected
activity; (2) the employer took an adverse employment action
against her; and (3) a causal connection exists between the
protected activity and the asserted adverse action.  *Matvia*, 259
F.3d at 271 (*citing Von Gunten v. Maryland*, 243 F.3d 858, 863
(4th Cir. 2001)).

    By filing a grievance alleging sexual harassment, Wolff
engaged in an activity protected by Title VII.

    Title VII liability arises when an employer takes tangible
employment action against an employee.  *Boone v. Goldin*, 178 F.3d
253, 256 (4th Cir. 1999) (*citing Ellerth*, 524 U.S. at 742).
Tangible employment action includes, *inter alia*, hiring, firing,
failing to promote, reassignment with significantly different
responsibilities, and significant changes in benefits.  *Id*.

    Wolff alleges that the position she was offered at Northrop

10

Grumman after its acquisition of Litton entailed far less
challenging work and severely diminished management
responsibilities.  Am. Compl. ¶ 52.  Had she accepted the
position, Wolff would have received the same salary and benefits
as she had before, would have had roughly the same number of
suboridinates, and would have been responsible for a similar
budget.  Norton Aff. ¶ 19.  The position offered did not provide
Wolff with the level of responsibility to which she was
accustomed.  *Id.*  This substantial change in the range of duties
and supervisory authority offered to Wolff qualifies as a
tangible employment action under Title VII.

　　To establish a causal connection between Wolff's complaint
and Northrop Grumman's failure to offer her a position comparable
to her previous job, Wolff must show that Northrop Grumman was
aware of her grievance when making its employment decision.
*Gibson v. Old Town Trolley Tours of Washington, D.C., Inc.*, 160
F.3d 177, 181 (4th Cir. 1998) (*citing Dowe v. Total Action
Against Poverty*, 145 F.3d 653, 657 (4th Cir. 1998)).  In
addition, Wolff must offer some evidence to show that her
grievance triggered Northrop Grumman's failure to offer her a
comparable position.  *Id.* at 182.

　　Douglas Norton was responsible for the integration of
Wolff's former organization into Northrop Grumman and for
determining whether Wolff and similarly situated employees would

11

be offered permanent positions. Norton Aff. ¶¶ 1-5. Wolff told
Norton about her grievance during the process of negotiating her
employment within Northrop Grumman. *Id.* ¶ 14. Norton responded
by telling Wolff that she could talk to the human resources
department about the matter. *Id.*

Norton selected a position he thought was an appropriate
match to Wolff's skills and interests. *Id.* Norton explained
that his decision

> on the structure of the . . . department following the
> integration . . . and specifically, of the position offered
> to Wolff and the duties [she would be assigned], was made
> solely as a result of my evaluation of the needs of the . .
> . sector. I did not even consider the fact that Wolff had a
> grievance pending concerning Mazzo in making my decision
> about what duties and responsibilities Wolff would be
> offered. No one at Northrop Grumman or Litton ever directed
> me to reduce or otherwise change the duties that I had
> determined were best suited for this position, as it was
> offered to Wolff. In addition, the fact that Wolff is a
> female was not a factor that I considered in reaching my
> decision about what position to offer her.

*Id.* ¶ 15.

Wolff offered no evidence to refute Norton or that Northrop
Grumman's knowledge of her grievance affected the position it

12

offered her.  Accordingly, summary judgment for Northrop Grumman
is appropriate on Wolff's claim of retaliation.

B.    State and Local Anti-Discrimination Claims

Section 16 of the Maryland Code provides that it is unlawful
for an employer to "limit, segregate, or classify its employees
or applicants for employment in any way which would deprive or
tend to deprive any individual of employment opportunities or
otherwise adversely affect the individual's status as an
employee, because of the individual's race, color, religion, sex,
age, national origin, marital status, sexual orientation, genetic
information, or disability."  Md. Ann. Code art. 49B, § 16(a)(2)
(1957, 1998 Repl. Vol., 2000 Cum. Supp.).  The Prince George's
County Code forbids discriminatory practices based on race,
religion, color, sex, national origin, age, occupation, marital
status, political opinion, personal appearance, sexual
orientation, physical or mental handicap, or familial status.
The County Code, Prince George's County, Maryland, Division 12,
§§ 2-185 (1999).  Because both the Maryland Code clause and the
Prince George's County Code clause are "substantively similar
anti-discrimination provisions" to the provisions of Title VII's
anti-discrimination laws, gender discrimination claims under
either Code are analyzed the same way that Title VII gender
discrimination cases are analyzed.  *See Magee v. Dansources
Technical Servs., Inc.*, 769 A.2d 231, 243 (Md. App. 2001).

13

Inasmuch as Wolff was unable to survive summary judgment under Title VII, her state and local discrimination claims must fail as well.

C.   Breach of Contract

Wolff signed an "agreement to stay" with Litton before it was acquired by Northrop Grumman.  Pl.'s Summ. J. Ex. 3, attachment B.5 ("agreement to stay" between Wolff and Litton Advanced Systems).  The "agreement to stay" provides that:

> If your employment with [Litton] is involuntarily terminated prior to January 4, 2002, [Litton] agrees to pay you, in addition to any other compensation due, ½ of your then current annual base salary and six (6) months health insurance, provided that:
>
> a.   You continue to devote your best efforts on behalf of the company's business;
>
> b.   You have not resigned or been terminated for cause; and
>
> c.   In the event of a sale, merger or other business combination, you have not been offered by the successor company, a comparable position on similar terms and conditions.

*Id.*  Wolff argues that Northrop Grumman, by failing to offer her a comparable position after it acquired Litton, breached the "agreement to stay," involuntarily terminated her, and owes her compensation under the contract.

14

Maryland law, applicable here, "ascribes to undefined contractual terms their customary or ordinary meaning." *Scarborough v. Ridgeway*, 726 F.2d 132, 135 (4th Cir. 1984) (*citing C & H Plumbing & Heating, Inc. v. Employers Mut. Cas., Inc.*, 287 A.2d 238, 239-41 (Md. 1972)). This is true even when "the parties to a contract fail[] to provide for a contingency which afterwards happened because at the time the contract was made it did not occur to either [contracting party] that such a contingency would or could happen." *United States Fid. & Guar. Co. v. French Mut. Gen. Society of Mut. Ins. Against Theft*, 212 F. 620, 626 (4th Cir. 1914).

The "agreement to stay" requires that the employee not be terminated for cause and not resign. By resigning, Wolff precluded the possibility of payment under the agreement. Accordingly, Northrop Grumman's motion for summary judgment will be granted.

CONCLUSION

For the reasons stated above, Northrop Grumman's motion for summary judgment will be granted.

November 19, 2003                              /s/
Date                                 William D. Quarles, Jr.
                                     United States District Judge

15

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>LISA A. WOLFF,</td><td>*</td><td></td></tr>
<tr><td>   Plaintiff,</td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>CIVIL NO.: WDQ-02-3932</td></tr>
<tr><td>LITTON ADVANCED SYSTEMS,</td><td>*</td><td></td></tr>
<tr><td>INC., et al.,</td><td>*</td><td></td></tr>
<tr><td>   Defendants.</td><td></td><td></td></tr>
</table>

*    *    *    *    *    *    *    *    *    *    *    *    *

ORDER

For the reasons stated in the accompanying Memorandum

Opinion, it is, this 19th day of November 2003, ORDERED:

5.    That the Defendants' motion for summary judgment BE, and

      HEREBY IS, GRANTED;

6.    That the Clerk shall enter judgment for the Defendants; and

7.    That the Clerk of the Court shall send copies of this

      Memorandum Opinion and Order to counsel for the parties.


                    _____/s/_____
                    William D. Quarles, Jr.
                    United States District Judge


1

NOV-24-2003  14:28    MLB PHILA    12159635299    P.07/07

# MILLER REPORTING COMPANY, INC.

735 - 8th Street SE
Washington, D.C. 20003-2802
Tel. (202) 546-6666
Fax. (202) 546-7472

| INVOICE NO. | 12724 |
| INVOICE DATE | 08/16/03 |

MOR
INVOICE TO  MORGAN, LEWIS & BOCKIUS
1111 PENNSYLVANIA AVENUE, N.W.
WASHINGTON DC 20004

ATTN: CHRISTINE B. COX, ESQ.

Page  1

LISA A. WOLFF v. LITTON ADVANCED SYSTEMS, INC., ET AL.
C.A. L02-CV-3932
DEPOSITION OF LISA A. WOLFF

WORKSHEET: 91527

Payable
Upon
Receipt

| DATE | DESCRIPTION | Pages or Units | Rate | Amount |
|---|---|---|---|---|
| 7/29&7/31/2003 | PAGES 1-323 ORIGINAL AND ONE COPY | 323.0 | 3.25 | 1049.75 |
| | EXHIBITS - 125 PAGES | 125.0 | .35 | 43.75 |
| | MINUSCRIPTS AND MS WORD DISK - NO CHARGE | | | |

WE APPRECIATE YOUR BUSINESS

D-U-N-S 04-832-7464
Federal Id. #52-1195809

| NON-TAXABLE | TAXABLE | SALES TAX | POSTAGE/HANDLING | INVOICE TOTAL |
|---|---|---|---|---|
| 1093.50 | .00 | .00 | 15.00 | 1108.50 |

Member National Shorthand Reporters Assn

---

MILLER REPORTING
COMPANY, INC.
735 - 8th Street SE
Washington, D.C. 20003-2802
(202) 546-6666

| INVOICE DATE | INVOICE NO. |
| 08/16/03 | 12724 |

MOR
MORGAN, LEWIS &

Page  1

PLEASE RETURN
THIS PORTION
OF THE INVOICE
WITH YOUR
PAYMENT.

| INVOICE TOTAL |
| 1108.50 |

TOTAL P.07

EXHIBIT A-1



# Resling Reporting Service

18 East Fountain Boulevard
Colorado Springs, CO 80903-4127
Phone (719) 471-2966 · Fax (719) 473-7085

002974

| | STATEMENT DATE |
|---|---|
| | 08/11/03 |
| | INVOICE NUMBER |
| | 7954 |

EMPLOYER I.D. NO.

PG: 1

MORGAN LEWIS & BOCKUIS, LLP
1111 PENNSYLVANIA AVE. NW
WASHINGTON, DC 20004

ATTN: CHRISTINE B. COX

PLEASE REFERENCE THIS INVOICE NUMBER
CSD/EX WHEN/UTG /OFF/PO /

| DATE TAKEN | REFERENCE | CHARGES |
|---|---|---|
| 07/25/03 | RE: WOLFF v. LITTON ADVANCED SYSTEMS    L02-CV-3932 | |
| | | |
| | DEPOSITION OF: KAREN BARTLESON, 63 PAGES | |
| | ORIGINAL TRANSCRIPT PREPARATION (TECHNICAL) | 275.94 |
| | APPEARANCE FEE: 10:00 - 11:45 A.M. | 72.25 |
| | TRANSCRIPT CONDENSING/WORD INDEX | 22.00 |
| | TRANSCRIPT FOR WITNESS TO READ/POSTAGE | 10.08 |
| | POSTAGE/FILING BY CERTIFIED MAILING | 17.50 |
| | HANDLING AND FEDERAL EXPRESS COD CHARGES | 44.75 |
| | | |
| | ** TAX ID# 84-0957512 ** | |

*Thank You!*

| | TOTAL |
|---|---|
| | ▲ |
| TOTAL BALANCE DUE | 442.52 |

TAX ID # 84-0957512

EXHIBIT A-2

NOV-24-2003  14:27        MLB PHILA                    12159635299      P.05/07

L.A.D. Reporting & Digital Videography
1100 Connecticut Avenue, N.W.
Suite 850
Washington, DC 20036
(202) 861-3410   Fax (202) 861-3425

# INVOICE

| INVOICE NO. | DATE | JOB NUMBER |
|---|---|---|
| 94929 | 08/23/2003 | 01-20677 |

| JOB DATE | REPORTER(S) | CASE NUMBER |
|---|---|---|
| 08/12/2003 | LEGASA | L02-3932 |

| CASE CAPTION |
|---|
| Wolff -v- Litton Advanced Systems, Inc., et al |

| TERMS |
|---|
| Due upon receipt |

Christine B. Cox, Esquire
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

```
1 CERTIFIED COPY OF TRANSCRIPT OF:
    Steven A. Mazzo
            Transcript             183.00                        457.50
            Regular Delivery                                      10.00
                                                              ----------
                          TOTAL  DUE  >>>>                        467.50
```

Deposition held in San Francisco, CA

For billing questions, please call (301) 417-6941.
Thank you for choosing L.A.D.
We appreciate your business.

**TAX ID NO.:** 52-1684455                              (202) 739-3000    Fax (202) 739-3001

*Please detach bottom portion and return with payment.*

Christine B. Cox, Esquire
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

```
Invoice No.:  94929
Date       :  08/23/2003
TOTAL DUE  :     467.50


Job No.    :  01-20677
Case No.   :  L02-3932
Wolff -v- Litton Advanced Systems, I
```

Remit To:   **L.A.D. Reporting Company**
            **1684 East Gude Drive**
            **Suite 201**
            **Rockville, MD 20850**

EXHIBIT A-3

NOV-24-2003  14:42    MLB PHILA                    12159635299    P.03/03

L.A.D. Reporting & Digital Videography
1100 Connecticut Avenue, N.W.
Suite 850
Washington, DC 20036
(202) 861-3410   Fax (202) 861-3425

# I N V O I C E

| INVOICE NO. | DATE | JOB NUMBER |
|---|---|---|
| 95838 | 09/07/2003 | 01-20678 |

| JOB DATE | REPORTER(S) | CASE NUMBER |
|---|---|---|
| 08/13/2003 | LEGASA | L02-3932 |

| CASE CAPTION |
|---|
| Wolff -v- Litton Advanced Systems, Inc., et al |

| TERMS |
|---|
| Due upon receipt |

Christine B. Cox, Esquire
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

1 CERTIFIED COPY OF TRANSCRIPT OF:
   Robert Ossentjuk
         Transcript                          58.00                           145.00
         Regular Delivery                                                      10.00

                                    TOTAL DUE  >>>>                           155.00

Deposition held in Palo Alto, California

For billing questions, please call (301) 417-6941.
Thank you for choosing L.A.D.
We appreciate your business.

TAX ID NO.: 52-1684455                        (202) 739-3000   Fax (202) 739-3001

*Please detach bottom portion and return with payment.*

Christine B. Cox, Esquire
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004

Invoice No.:  95838
Date        :  09/07/2003
TOTAL DUE   :      155.00


Job No.    :  01-20678
Case No.   :  L02-3932
Wolff -v- Litton Advanced Systems, I

Remit To:    L.A.D. Reporting Company
             1684 East Gude Drive
             Suite 201
             Rockville, MD 20850

EXHIBIT A-4

NOV-24-2003  14:26     MLB PHILA                    12159635299    P.03/07

Kathy Fink & Associates

# Invoice

2819 E. 22nd Street
Tucson, AZ  85713
Tax ID#: 86-0813450

| DATE | INVOICE # |
|------|-----------|
| 9/5/2003 | 1085-SH |

| BILL TO |
|---------|
| Morgan Lewis & Bockius, LLP<br>CHRISTINA B. COX, ESQ.<br>1111 Pensylvania Avenue, N.W.<br>Washington D.C.  20004 |

| CASE # | Date Reported | Reporter |
|--------|---------------|----------|
| LO2-3932 | 8/29/2003 | Haight |

| DESCRIPTION | AMOUNT |
|-------------|--------|
| RE:  Lisa Wolff v. Litton Advanced Systems | |
| | |
| Transcripts:  Michael S. Gering | 207.20 |
| Exhibits | 5.10 |

PLEASE INCLUDE
INVOICE NUMBER ON
CHECK

| Total | $212.30 |
|-------|---------|

EXHIBIT A-5

## EXHIBIT B TO BILL OF COSTS

| DOCUMENT DATE | DESCRIPTION | NO. OF PAGES | TOTAL NO. OF COPIES |
|---|---|---|---|
| 2/27/03 | Consent Motion for Extension of Time to Answer, Move or Otherwise Reply to Plaintiff's Complaint | 5 | 5 |
| 3/14/03 | Answer and Defenses of Defendants to Plaintiff's Complaint | 17 | 17 |
| 3/14/03 | Disclosure of Defendants' Corporate Affiliations and Financial Interests | 3 | 3 |
| 4/24/03 | Defendant Northrop Grumman Corp.'s First Set of Interrogatories to Plaintiff Lisa A. Wolff, First Set of Document Requests to Plaintiff Lisa A. Wolff, | 13 | 13 |
| 6/20/03 | Defendant Northrop Grumman Corporation's Objections and Responses to Plaintiff's First Set of Interrogatories | 24 | 24 |
| 6/20/03 | Defendant Northrop Grumman Corporation's Objections and Responses to Plaintiff's First Set of Document Requests | 24 | 24 |
| 7/3/03 | Joint Motion for Extension of Discovery Deadlines | 3 | 3 |
| 7/21/03 | Representation Agreement | 3 | 3 |
| 7/23/03 | Letter and four subpoenas for copies of all medical records regarding plaintiff from July 1998 to the present | 22 | 88 |
| 8/25/03 | Joint Status Report | 2 | 2 |
| 9/25/03 | Defendant's Motion for Summary Judgment and Exhibits | 289 | 289 |
| 10/24/2003 | Defendant's Reply Memorandum in support of its Motion for Summary Judgment | 25 | 25 |
|  | Discovery Produced to Plaintiffs | 477 | 477 |
|  | TOTAL NUMBER OF PAGES |  | 973 |

Total Cost for Duplication and Exemplification of Papers:          $116.76

EXHIBIT B

Sep-19-03 07:10P                                                      P.01

**September 18, 2003**

**AP Legal Support Services, Inc.**
2522 N. Calvert Street
Baltimore, MD, 21218
(410) 366-9109 , (410) 366-9403 Fax

# CLIENT STATEMENT

CHRISTINE B. COX, ESQ.                202-739-5828 Business
MORGAN, LEWIS & BOCKIUS LLP           202-739-3001 Fax
1111 PENNSYLVANIA AVENUE NW
WASHINGTON DC 20004

| Invoice/ Client File # | Case Caption | Date of Service | Person Served | Itemized Fees | Amount Due |
|---|---|---|---|---|---|
| Inv# 9652<br><br>*Your File # Not Provided*<br><br>Docket# CA L02-3932 | *Lisa A. Wolf*<br>*vs*<br>*Litton Advanced Systems, Inc.,*<br><br>Subpoena Duces Tecum, Attorney Letter, Certification | 7/24/2003 | Space Telescope Science Institute<br><br>*By Serving:*<br>Steven Beckwith, Dr. | Service $45.00 | Fee: $45.00 |
| **Total number of Jobs - 1** | | | | Total:    $45.00<br>Sales (no Fees) $45.00 | |

Thank You!
We appreciate your business!

*Reminder — thanks!*

*Libby P.*

EXHIBIT C-1

July 30, 2003

**AP Legal Support Services, Inc.**
2522 N. Calvert Street
Baltimore, MD, 21218
(410) 366-9109 , (410) 366-9403 Fax

**RETURN SERVICE REQUESTED**

# Invoice

CHRISTINE B. COX, ESQ.
MORGAN, LEWIS & BOCKIUS LLP
1111 PENNSYLVANIA AVENUE NW
WASHINGTON DC 20004

202-739-5828 Business
202-739-3001 Fax
-------<

Reference Job #**9750** when remitting.

Lisa A. Wolff vs Litton Advanced Systems, Inc.,

Service $60.00
Rush Service $25.00

**Docket/Case Number: L02-CV-3932**
**Subpoena, Authorization for Release of Records &**
**Attorney Letter**
**Dr. William Dean Charmack**

Fee for Service: $85.00

Completed Personal Service to Dr. William Dean Charmack on
July 24, 2003 at 7:27 PM,
at: Columbia Counseling Center, Twin Knolls Professional
Center, Suite 327, 5525 Twin Knolls Road , Columbia , MD 21045
by Craig L. Tunnicliffe, Process Server
Action/Hearing Date **August 4, 2003, @ 12:00 PM**.

Sex: **Male** Skin: **Caucasian** Hair: **Brown** Height: **6'** Weight: **180-190 lbs** Age: **35-45**

**BALANCE DUE: $85.00**

Our Tax ID#:
52-1500-969
Your Business is Appreciated!

EXHIBIT C-2

**AP Legal Support Services, Inc.**
2522 N. Calvert Street
Baltimore, MD, 21218
(410) 366-9109 , (410) 366-9403 Fax

**RETURN SERVICE REQUESTED**

**Invoice**

CHRISTINE B. COX, ESQ.
MORGAN, LEWIS & BOCKIUS LLP
1111 PENNSYLVANIA AVENUE NW
WASHINGTON DC 20004

202-739-5828 Business
202-739-3001 Fax
-------<

Reference Job #**9747** when remitting.

Lisa A. Wolff vs Litton Advanced Systems, Inc.,

Service $60.00
Rush Service $25.00

**Docket/Case Number: L02-CV-3932**
**Subpoena, Authorization for Release of Records &**
**Attorney Letter**
**Dr. Elizabeth Pallan**

Fee for Service: $85.00

Completed Personal Service to Dr. Elizabeth Pallan on
July 24, 2003 at 2:58 PM,
at: Carroll Primary Care Associates South Carroll Medical
Building , 1380 Progress Way, Suite 114, Edersburg , MD 21784
by Craig L. Tunnicliffe, Process Server
Action/Hearing Date **August 4, 2003**, @ **12:00 PM**.

Work Tel: **410-795-2233** Sex: **Female** Skin: **Indian** Hair: **Black** Height: **5' 4"** Weight: **120-130 lbs** Age: **35-45**

**BALANCE DUE: $85.00**

Our Tax ID#:
52-1500-969
Your Business is Appreciated!

EXHIBIT C-3

**AP Legal Support Services, Inc.**
2522 N. Calvert Street
Baltimore, MD, 21218
(410) 366-9109 , (410) 366-9403 Fax

**RETURN SERVICE REQUESTED**

# Invoice

CHRISTINE B. COX, ESQ.
MORGAN, LEWIS & BOCKIUS LLP
1111 PENNSYLVANIA AVENUE NW
WASHINGTON DC 20004

202-739-5828 Business
202-739-3001 Fax
-------<

Reference Job #**9748** when remitting.

Lisa A. Wolff vs Litton Advanced Systems, Inc.,

Service $60.00
Rush Service $25.00

**Docket/Case Number: L02-CV-3932**
**Subpoena, Authorization for Release of Records &**
**Attorney Letter**
**Dr. Robert Dobrusin**

Fee for Service: $85.00

Completed Personal Service to Dr. Robert Dobrusin on
July 24, 2003 at 2:50 PM,
at: 1311 Londontown Blvd. #100, Eldersburg , MD 21784
by Craig L. Tunnicliffe, Process Server
Action/Hearing Date **August 4, 2003, @ 12:00 PM.**

Sex: **Male** Skin: **Caucasian** Hair: **Grey** Height: **5' 10"** Weight: **180-190 lbs** Age: **40-50**

**BALANCE DUE: $85.00**

Our Tax ID#:
52-1500-969
Your Business is Appreciated!

EXHIBIT C-4

July 30, 2003

**AP Legal Support Services, Inc.**
2522 N. Calvert Street
Baltimore, MD, 21218
(410) 366-9109 , (410) 366-9403 Fax

**RETURN SERVICE REQUESTED**

# Invoice

CHRISTINE B. COX, ESQ.
MORGAN, LEWIS & BOCKIUS LLP
1111 PENNSYLVANIA AVENUE NW
WASHINGTON DC 20004

202-739-5828 Business
202-739-3001 Fax
-------<

Reference Job #**9749** when remitting.

Lisa A. Wolff vs Litton Advanced Systems, Inc.,

**Docket/Case Number: L02-CV-3932**
**Subpoena, Authorization for Release of Records &**
**Attorney Letter**
**Dr. Nancy Magone**

Service $75.00
Rush Service $25.00

Fee for Service: $100.00 ⌄

Completed Personal Service to Dr. Nancy Magone on
July 24, 2003 at 2:06 PM,
at: 1517 Ridgeside Drive , Mt. Airy , MD 21771
by Craig L. Tunnicliffe, Process Server
Action/Hearing Date **August 4, 2003, @ 12:00 PM**.

Work Tel: **301-829-2220** Sex: **Female** Skin: **Caucasian** Hair: **Black** Height: **5' 6"** Weight: **120-130 lbs** Age: **35-45**

**BALANCE DUE: $100.00**

## Our Tax ID#:
## 52-1500-969
## Your Business is Appreciated!

EXHIBIT C-5

Matter Description: WOLFF V LITTON ADVANCED SYSTEMS NORTHROP
Report Description: Billed and Unbilled Recap of Cost [11/19/2003 5:03:03 PM]

| Date | Initials | Name / Invoice Number | Code | Quantity | Rate | Amount | Description |
|---|---|---|---|---|---|---|---|
| 07/16/2003 | 11032 | CHRISTINE B. COX | 0212 | 1.00 | 800.00 | 800.00 | Air |
| 08/21/2003 | | Invoice=565331 | | 1.00 | 800.00 | 800.00 | WASHINGTON,DC -> ST LOUIS,MO -> COLORADO |

REDACTED

EXHIBIT D-1

Matter Description:    □WOLFF V LITTON ADVANCED SYSTEMS NORTHROP
Report Description:□Billed and Unbilled Recap of Cost [11/19/2003 5:03:03 PM]

| Date | Initials | Name - Invoice Number | Code | Quantity | Rate | Amount | Description |
|---|---|---|---|---|---|---|---|
| 07/24/2003 | 11032 | CHRISTINE B. COX | 0601 | 4.00 | 0.12 | 0.48 | Duplicating Usage 4 Copies |
| 08/21/2003 | | Invoice=565331 | | 4.00 | 0.12 | 0.48 | |
| | | | | | | | REDACTED |
| 07/24/2003 | 11032 | CHRISTINE B. COX | 0207 | 1.00 | 29.00 | 29.00 | Taxi - - Christine B. Cox Deposition Colorado |
| 10/27/2003 | | Invoice=704287  VOUCHER: | | 1.00 | 29.00 | 29.00 | Springs |
| 07/24/2003 | 11032 | CHRISTINE B. COX | 0204 | 1.00 | 51.95 | 51.95 | Car Rental - - Christine B. Cox Deposition |
| 10/27/2003 | | Invoice=704287  VOUCHER: | | 1.00 | 51.95 | 51.95 | Colorado Springs |
| 07/24/2003 | 11032 | CHRISTINE B. COX | 0205 | 1.00 | 12.00 | 12.00 | Parking - - Christine B. Cox Deposition |
| 10/27/2003 | | Invoice=704287  VOUCHER: | | 1.00 | 12.00 | 12.00 | Colorado Springs |
| 07/24/2003 | 11032 | CHRISTINE B. COX | 0201 | 1.00 | 102.91 | 102.91 | Hotel - - Christine B. Cox Deposition Colorado |
| 10/27/2003 | | Invoice=704287  VOUCHER: | | 1.00 | 102.91 | 102.91 | Springs |
| | | | | | | | REDACTED |

Matter Description:      ☐WOLFF V LITTON ADVANCED SYSTEMS NORTHROP
Report Description:☐Billed and Unbilled Recap of Cost [11/19/2003 5:03:03 PM]

REDACTED

| Date | Initials | Name / Invoice Number | Code | Quantity | Rate | Amount | Description |
|------|----------|----------------------|------|----------|------|--------|-------------|
| | 11032 | CHRISTINE B. COX | 0212 | 1.00 | 2,503.00 | 2,503.00 | Air |
| 08/06/2003 | | Invoice=575634 | | 1.00 | 2,503.00 | 2,503.00 | WASHINGTON,DC -> SAN FRANCISCO,CA -> WASHINGTON |
| 09/26/2003 | | | | | | | |

EXHIBIT D-2

15:04 AUG 19, 2003  ID: SFORS HYATT          TEL NO: 398-2567               #119232  PAGE: 2/2



Hyatt Regency San Francisco
5 Embarcadero Center
San Francisco, CA 94111  USA
415.788.1234
FAX 415.398.2567

Guest Account

| Room | Rate | Arrive | Depart | Folio No. | Account | Affiliation | FF | ID | Page |
|------|------|--------|--------|-----------|---------|-------------|----|----|------|
| 612 | 169.00 | 08/10/03 | 08/12/03 | 598076 | 2 CCARD | 0-PROM | 11 | JJB | 1 |

COX                    CHRISTINE                                02:31              AUV        1/0

** DEPARTED **

RES NO: HH- 70685-1        SPIRIT: 31520696         -01              38865658996717    04/05

| Date | Code | Reference | ID | Description | Charges | Credits | Balance |
|------|------|-----------|-----|-------------|---------|---------|---------|
| 0810 | 111 | Rm 612 | LFB | GUEST ROOM | 169.00 | | 169.00 |
| 0810 | 812 | Rm 612 | LFB | CA TOURISM ASMT | .12 | | 169.12 |
| 0810 | 811 | Rm 612 | LFB | *ROOM TAX | 23.66 | | 192.78 |
| 0810 | 511 | | LFB | PARKING 07-240 | 38.00 | | 230.78 |
| 0811 | 396 | 278 | RRR | REFRESHMENT CTR | 3.53 | | 234.31 |
| 0811 | 111 | Rm 612 | KMA | GUEST ROOM | 169.00 | | 403.31 |
| 0811 | 812 | Rm 612 | KMA | CA TOURISM ASMT | .12 | | 403.43 |
| 0811 | 811 | Rm 612 | KMA | *ROOM TAX | 23.66 | | 427.09 |
| 0811 | 511 | | KMA | PARKING 07-240 | 38.00 | | 465.09 |
| 0812 | 933 | Ex04/05 | JJB | 38865658996717 | | -465.09 | .00 |
| | | | | TOTAL | | | .00 |

DINERS CLUB          0204403828

No frequent traveler account has been credited for this stay.
To enroll in Gold Passport, call 1-800-51-HYATT.

I agree that my liability for this bill is not waived and I
agree to be held personally liable in the event that the
indicated person, company or association fails to pay

Signature

Print | Print out a copy of this receipt.



**INVOICE**

REPRINT

**DIRECT ALL INQUIRIES TO:**
THE HERTZ CORPORATION
PO BOX 26120
OKLAHOMA CITY, OK 73126-0120
UNITED STATES
TAX ID: 13-1938568
  CHRISTINE B COX
MORGAN LEWIS BOCKIUS LLP
1725 P ST NW 101
WASHINGTON, DC 20036
UNITED STATES

| | | | | |
|---|---|---|---|---|
| RENTAL AGREEMENT NO: | 299874164 | | | |
| INVOICE DATE: | 2003-08-14 | | | |
| DOCUMENT: | 903011158122 | | | |
| ACCOUNT NO.: | ************6351 MC | | | |
| RESERVATION ID: | C26611302F3 | | | |
| CDP NO.: | 48430 | | | |
| CDP NAME: | MORGAN LEWIS BOCKIUS LLP | | | |
| NO. 1 CLUB: | XXXXXXXX | | | |
| IATA/TACO: | 33748956 | | | |

**RENTAL DETAILS**
RENTER:          CHRISTINE B COX
CAR DESCRIPTION: CAVALIER 4WIB374

GROUP: CHARGED C  RENTED C  RESERVED C
RATE PLAN IN: JLVE  **RATE PLAN OUT:** JLVE
RENTED ON: 2003-08-10 11:59
  01241-15 SAN FRAN AP, CA
RETURNED ON: 2003-08-13 13:52
  01241-15 SAN FRAN AP, CA
MILES IN/OUT/DRIVEN: 23,348 - 22,995 = 353
MILES ALLOWED/CHARGED:
TR-X MILES DRIVEN:

**ADDITIONAL CHARGES**

**RENTAL CHARGES**

| | | | |
|---|---|---|---|
| DAYS | 1 @ | 31.99 | 31.99 |
| EXTRA HRS | 1 @ | 16.00 | 16.00 |
| EXTRA DAYS | 2 @ | 74.99 | 149.98 |
| ADJUSTMENT | | | -25.00 |
| SUBTOTAL | | | 172.97 |
| DISCOUNT | | 10.00% | -17.30 |
| SUBTOTAL | | | 155.67 |
| FUEL & SERVICE | | | 27.76 |
| CUSTOMER FACILITY CHARGE | | | 12.00 |
| TAX | | 8.25% | 16.12 |
| TOTAL CHARGES | | | 211.55 USD |
| AMOUNT DUE | | | 211.55 USD |

**MISCELLANEOUS CHARGES/CREDITS**

THANK YOU FOR RENTING FROM HERTZ

AMOUNT BILLED TO ACCOUNT:          211.55 USD

**BILLING INQUIRIES:**
PHONE:  800-654-4173
FAX:    405-290-2893
E-MAIL: CUSTOMER_SERVICE@HERTZ.COM

Matter Description:
☐WOLFF V LITTON ADVANCED SYSTEMS NORTHROP
Report Description:☐Billed and Unbilled Recap of Cost [11/19/2003 5:03:03 PM]

| Date | Initials | Name/Invoice Number | Code | Quantity | Rate | Amount | Description |
|------|----------|---------------------|------|----------|------|--------|-------------|
| | | REDACTED | | | | | |
| 08/10/2003 | 11032 | CHRISTINE B. COX | 0104 | 1.00 | 60.00 | 60.00 | Parking -- Christine B. Cox,  travel to |
| 09/26/2003 | | Invoice=575834 VOUCHER=| | 1.00 | 60.00 | 60.00 | California for Wolyf case depositions |
| | | REDACTED | | | | | |