IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| LISA A. WOLFF, | * |
| Plaintiff, | * |
| v. | *    CA No. 1:02-3932 |
| LITTON ADVANCED SYSTEMS, INC. *et al* | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MOTION FOR RECONSIDERATION

Pursuant to Rule 59 of the Federal Rules of Civil Procedure and Rule 105 of the Local Rules of the District Court of Maryland, Plaintiff, Lisa Wolff ("Wolff") through her undersigned counsel, respectfully submits this Motion For Reconsideration of this Court's ruling, granting Defendant, Northrop Grumman Corporation's ("Northrop Grumman") Motion for Summary Judgment.

For the reasons stated below, there is a genuine dispute as to material fact and Northrop-Grumman is not entitled to judgment as a matter of law. Wolff has shown that that there is more than a mere "scintilla" of evidence supporting her claim of sexual harassment and that a reasonable jury could return a verdict in her favor.

## ARGUMENT

### Sexual Discrimination In Violation of Title VII.

As this Court has pointed out, in a case of sexual discrimination "[t]he critical issue is whether 'members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.' Id. (citing *Harris v.*

*Forklift Sys., Inc.,* 510 U.S. 17, 25 (1993) (Ginsberg, J., concurring)." As the only woman at the August, 2001 meeting Wolff was exposed to disadvantageous terms or conditions of employment by the *way* Mazzo spoke to her in front of the all male group in attendance at the meeting. Specifically, Mazzo's use of the word "fuck" differed when he spoke to the men in the meeting as compared to Wolff. When considering the evidence presented thus far in the light most favorable to Plaintiff, it is clear that when speaking to the men in the meeting, Mazzo's use of this word was mere profanity. When speaking to Wolff during the meeting, Mazzo's use of the word took on a sexually active meaning and was much more than merely vulgar or offensive language.

      The Court states that two of the four requirements for a hostile work environment have been met by Wolff: i.e. (1) she suffered unwelcome conduct and (2) liability may be imputed to Northrop Grumman because Mazzo was Wolff's supervisor. Wolff has met the remaining two requirements by showing that Mazzo's conduct was based on her gender and that it was sufficiently pervasive and severe to alter the conditions of her employment and create a hostile work environment. The fact that Mazzo used the word "fuck" in a sexually active manner when speaking to Wolff as compared to the merely vulgar way he used this word when speaking to the men in the meeting is sufficient to demonstrate that Mazzo's conduct was gender based. Mazzo's conduct was not "merely tinged with sexual connotations". Instead, the manner in which Mazzo used the language illustrated what he wanted to do to Wolff; the way he wanted to do it and an invitation to do it again. This clearly was the way Wolff interpreted his conduct and it is conceivable if not likely that a reasonable jury, having listened to Wolff's testimony in this case would reach the same conclusion. This conduct constituted discrimination because of her

sex. *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 78 (1998).  The Court in *Oncale, supra at* 81, stated "harassing conduct need not be motivated by sexual desire to support an inference of discrimination on the basis of sex".  "A trier of fact might reasonably find such discrimination, for example, if a female victim is harassed in such sex-specific and derogatory terms by another woman as to make it clear that the harasser is motivated by general hostility to the presence of women in the workplace." *Id.*

A reasonable person in Wolff's position (that is, the only woman in an all male meeting) could have considered Mazzo's conduct severely hostile or abusive enough to create a hostile work environment.  Taking the facts presented thus far in the light most favorable to the Plaintiff it is apparent that Mazzo spoke to Wolff in front of a group of all male peers in a manner and using terms significantly distinctive from the way he spoke to the men in the meeting.  For instance, there was language such as "I won't give you a fuck if you want to cover your fucking ass"; "Lisa fuck me, fuck me, fuck me"; "I wouldn't give you a fuck if you wanted to"; "Do you like fucking me"; I am not going to give you one fuck for that"; and "I am not going to give you two fucks for that".  (Plaintiff's Exh. 1 at pp. 35-40.)  Clearly, these phrases were meant to intimidate and degrade Wolff in front of her male peers, but not to have the same effect on the males.  When addressing the males in the meeting Mazzo did *not* use these sexually active phrases when he used the word "fuck".  This makes Mazzo's conduct severe and pervasive enough to create an objectively hostile or abusive work environment.

This Court suggests that "it is plausible that the vulgarities toward Wolff were intended to convey Mazzo's displeasure with her control of the project and refusal to comply with his instructions".  (Memorandum and Opinion on Defendant's Motion for

3

Summary Judgment, dated November 19, 2003 at p. 8.)   Nevertheless, it is the function of the jury to weigh the evidence and make the determination whether Mazzo's conduct was merely a way of showing his displeasure with Wolff's performance or whether Mazzo's treatment of Wolff constituted hostile and abusive conduct. *Anderson v. Liberty Lobby, Inc..* 477 U.S. 242, 248 (1986).  A reasonable jury could determine that Mazzo's conduct was intended to create a hostile and abusive work environment for Wolff.

"A woman may prove sex-based discrimination in the workplace even though she is not subjected to sexual advances or propositions." *Smith v. First Union Nat'l Bank,* 202 F. 3d 234, 242 (4th Cir. 2000).  "A trier of fact may reasonably find discrimination, for example, when a woman is the individual target of open hostility because of her sex." *Occheltree v. Scollon Productions, Inc.,* 335 F.3d 325 (2003), (citing to *Smith,* supra at 242-43).  Although Mazzo may not have meant to proposition Wolff, he clearly made her the target of open hostility because of her sex.  By doing so Mazzo created a hostile and abusive work environment.

In determining whether a jury could find that a work environment was objectively abusive, that is, abusive to "a reasonable person in the plaintiff's position", *Oncale v. Sundowner Offshore Services, Inc.* 523 U.S. 75, 82, 118 S.Ct. 998 (1998), the Court considers circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Ocheltree* supra at 333, (citing *Harris*, 510 U.S. at 23).  A single incident can be found to be severe enough to constitute a hostile work environment.  In *Rohan v. Networks Presentations, LLC,* 192 F. Supp. 2d 434 (2002) this Court found that a single incident ,

taken in the light most favorable to the plaintiff, could be found to be severe enough to support plaintiff's claim that the conditions of her employment were altered. *Id.* at 438. In making this determination the Court examined the intimate nature of the subject matter, the number of people she was forced to reveal these intimacies to and the role of management in the incident.

Clearly, there is sufficient evidence for a reasonable jury to determine that the language used by Mazzo was humiliating. In fact, Wolff compares her experience to that of a verbal rape (Plaintiff's Exhs. 5 and 11). Wolff considered Mazzo's conduct to be threatening to her because he was acting in a supervisory capacity over Wolff. (Plaintiff's Exh. 1 at pp. 41-42 and Exh. 1.) There is evidence to support the fact that Wolff had difficulty performing her job after this incident and that she was both physically and psychologically affected by this incident. (Plaintiff's Exh. 1 at pp. 51, 52-54, 55 and 276 and Plaintiff's Exh. 11.) This single incident taken in a light most favorable to Wolff was severe enough to alter the conditions of her employment.

Accordingly for reasons stated above and to be expounded upon at the time of oral argument if any, Plaintiff respectfully requests that this Court's ruling granting Defendant's Motion for Summary Judgment be revised and that this matter be set in for trial on the merits.

                                                _____/s/_____
Ronald M. Cherry (Bar No. 07927)
212 Washington Avenue
3rd Floor, Ste. 5
Towson, Maryland 21204-4718
(410) 494-4954
(410) 494-4952 (facsimile)
ron.cherry@verizon.net
Counsel for Lisa Wolff

5

Copies to:

        James J. Kelley, Esquire
        Christine B. Cox, Esquire
        MORGAN, LEWIS BOCKIUS LLP
        1111 Pennsylvania Ave., NW
        Washington, D.C.  20036

Counsel for Defendant, NORTHROP GRUMMAN SYSTEMS CORP