JUDGMENT

FILED: September 30, 2004

UNITED STATES COURT OF APPEALS

for the

Fourth Circuit

NO. 04-1124
CA-02-3932-WDQ

LISA A. WOLFF

    Plaintiff - Appellant

v

NORTHROP GRUMMAN SYSTEMS CORPORATION

    Defendant - Appellee

---

Appeal from the United States District Court for the
District of Maryland at Baltimore

---

In accordance with the written opinion of this Court filed this day, the Court affirms the judgment of the District Court

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate. The judgment will take effect upon issuance of the mandate

/s Patricia S. Connor
------------------------
CLERK

A True Copy, Teste:
Patricia S. Connor, Clerk
BY: _____
Deputy Clerk

<u>UNPUBLISHED</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-1124

LISA A. WOLFF

              Plaintiff - Appellant,

versus

NORTHROP GRUMMAN SYSTEMS CORPORATION,

              Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (CA-02-3932-WDQ)

Submitted: August 30, 2004   Decided: September 30, 2004

Before MOTZ and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ronald McGlenn Cherry, LAW OFFICES OF RONALD M. CHERRY, Towson, Maryland, for Appellant. James J. Kelley, II, Christine B. Cox, MORGAN, LEWIS & BOCKIUS, L.L.P., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit See Local Rule 36(c).

PER CURIAM

A Wolff appeals the district court's orders granting summary judgment to the Defendant and denying her Fed. R. Civ. P. 59(e) motion for reconsideration in her Title VII action Wolff asserts the district court erred in ruling she failed to show more than a scintilla of evidence supporting her sexual harassment claim or that a reasonable jury could return a verdict in her favor. We conclude the district court did not err in this determination or abuse its discretion in denying Wolff's motion and affirm.

Court reviews a district court's grant of summary judgment de novo. <u>Higgins v. E.I. DuPont de Nemours & Co.</u>, 863 F.2d 1162, 1167 (4th Cir. 1988  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). The Court construes the evidence and draws all reasonable inferences in the light most favorable to the non-movant. <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

A Rule 59(e) motion should be granted only in one of three circumstances: "(1 to accommodate an intervening change in controlling law; (2) to account for new evidence not available at

2

trial; or (3) to correct a clear error of law or prevent manifest injustice." <u>Pacific Life Ins. Co. v. American Nat'l Fire Ins. Co.</u> 148 F.3d 396, 403 (4th Cir. 1998). This Court reviews the denial of a Rule 59(e motion for an abuse of discretion. <u>Brown v. French</u>, 147 F.3d 307 310 (4th Cir. 1998)

To establish a Title VII claim for sexual harassment, a plaintiff must prove that the offending conduct (1 was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer. <u>Ocheltree v. Scollon Productions, Inc.</u>, 335 F.3d 325, 331 (4th Cir. 2003) (en banc), <u>cert. denied</u>, 124 S. Ct. 1406, 1411 (2004 "[W]orkplace harassment . . . is [not] automatically discrimination because of sex merely because the words used have sexual content or connotations. 'The critical issue . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.'" <u>Oncale v. Sundowner Offshore Servs., Inc.</u>, 523 U.S. 75, 80 (1998) (quoting <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 25 (1993))

Wolff alleged that her supervisor's use of profanity at a meeting to describe her work and the work of her business unit evidenced discrimination based on her sex and was sufficiently severe to alter the conditions of her employment. However, it was undisputed the supervisor used profanity not only when addressing

3

Wolff but also when addressing the men at the meeting and that he was describing his dissatisfaction on work-related issues.  We agree with the district court that based on Wolff's evidence, no reasonable trier of fact could reasonably find discrimination against Wolff on account of her sex or that her supervisor's conduct was sufficiently severe to alter the conditions of employment.  Accordingly, we affirm both district court orders

We dispense with oral argument because the facts legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

**AFFIRMED**

4