IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LISA A. WOLFF | * | |
| Plaintiff | * | |
| v. | * | CIVIL ACTION NO. WDQ-02-3932 |
| NORTHROP GRUMMAN CORPORATION | * | |
| Defendant. | * | |

******

**O R D E R**

On November 19, 2003, Judge William D. Quarles Jr. granted Defendants' Motion for Summary Judgment and entered judgment for Defendants. The district court judgment was affirmed on appeal and the Fourth Circuit mandate was issued October 22, 2004.

On December 3, 2003, Defendant Northrop Grumman Corporation ("Northrop Grumman") filed a Bill of Costs seeking taxation of $7,138.08 incurred in court reporter, copy work, service of process, and travel expenses. The taxation request was supported by declaration and exhibits, and accompanied by memorandum. The Bill of Costs remains unopposed and items may be taxed without notice or oral hearing. *See* Local Rule 109.1.c. (D. Md. 2004). The taxation items shall be examined *seriatim*.

I.     *Court Reporter Fees for Depositions*

Northrop Grumman seeks costs for court reporter fees associated with the depositions of Lisa Wolff, Karen Bartleson, Steven Mazzo, Robert Ossentjuk, and Michael Gering.

The Clerk may tax the costs of depositions under Fed. R. Civ. P. 54(d) where they are necessary for the case. *See generally Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, the undersigned must "consider the extent of actual use of each

deposition and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that a deposition was not introduced or otherwise used at the trial." *See Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. 143, 165 (D. Md. 1968), *aff'd as modified,* 415 F.2d 55 (4th Cir. 1969); *see also Lavay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987).

While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the undersigned Clerk's authority is more limited. In this district the Clerk has traditionally allowed: (1) *the costs associated with deposing the parties in the case*; (2) *the costs of those depositions that were actually used in connection with the event that terminated the litigation*; and (3) the deposition costs associated with those deponents who testified at trial.

It is within my discretion to award recoverable costs associated with the depositions of Plaintiff and all deponents whose depositions were relied on by Northrop Grumman in its Motion for Summary Judgment. *See* Paper No. 31 at Ex. 4. Therefore, the following fees shall be awarded:

    1.   Lisa Wolff .     .     .     .     .     . $1,108.50
    2.   Steven Mazzo .   .     .     .     .       457.50
    3.   Robert W. Ossentjuk .  .     .     .       145.00
    4.   Michael Gering . .     .     .     .       212.30

Court reporter costs in the amount of $1,923.30 shall be awarded in favor of Northrop Grumman.[1]

II.   *Fees for Copy Work*

Defendant seeks copy work costs in the amount of $116.76, reflecting the photocopying of 973

---

[1] The deposition of Karen Bartleson was not relied on by Defendant in its dispositive motion or reply. Costs shall not be awarded as to this court reporter fee. Further, delivery charges are considered "office overhead" and are not recoverable under 28 U.S.C. § 1920.

pages of documents at $.12 per page.

It is well established that costs incurred in copying depositions, exhibits and other documents for use in the case are taxable against the non-prevailing party. *Wyne v. Medo Indus., Inc.*, 329 F. Supp.2d 584, 590 (D.Md. 2004), *c.f. Simmons v. O'Malley*, 235 F.Supp.2d 442, 444 (D. Md. 2002). Taxable photocopying expenses include fees associated with documents furnished to the court and opposing counsel. *Id*. Copies obtained merely for the convenience of counsel, however, are ordinarily not allowed.[2] *Id*.

Photocopy costs shall be awarded to the Defendant in the amount of $40.68.[3]

### III. Fees for Service of Summons and Subpoenas/Witnesses

Northrop Grumman requests the taxation of $400.00 in costs associated with service of subpoena duces tecum on Plaintiff's family physician, Dr. Elizabeth Pallan, and Plaintiff's treating physicians, Drs. Steven Beckwith, William Charmack, Robert Dobrusin, and Nancy Magone.[4] Defendant claims that it was required to subpoena the records from these physicians in "preparation for summary judgment pleadings and trial."

---

[2] Prior to the mid-1980's, the Clerk historically viewed copy work as general office overhead and disallowed the recovery of said item under 28 U.S.C. § 1920. *Advance Business Systems & Supply Co. v. SCM Corporation*, 287 F. Supp. at 165. However, the Clerk subsequently reconsidered this position in light of unpublished opinions issued by this Court. *See Stratton v. Equitable Bank*, Civil Action No. HAR-88-1485 (photocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules); *see also, Purity Products, Inc. v. Tropicana Products, Inc.*, Civil Action No. H-86-2319.

[3] Only those costs associated with initial non-electronic filings and Northrop Grumman's Motion for Summary Judgment and Reply shall be awarded.

[4] Although 28 U.S.C. § 1920 does not specifically provide for taxation of fees associated with private process, generally, the Clerk has the authority to tax the reasonable process fees of a private process server as to service fees for summons and initial process; service fees for trial subpoenas as to witnesses who have testified at trial; and service fees for depositions subpoenas as to depositions taxed as costs.

These physicians were not deposed by Northrop Grumman. According to the Bill of Costs, the subpoenas were issued to discover materials which could be relevant to Plaintiff's claims that she suffered physical and psychological as a result of Defendants' alleged conduct. Consequently, costs shall be disallowed as to this item.

*IV. Remaining Expenses*

Counsel for Northrop Grumman seeks reimbursement for out-of-state travel expenses incurred in attending depositions of two witness noticed by the Plaintiff and taking the deposition of one of four experts designated by Plaintiff in her discovery disclosures. These depositions were held in California and Colorado.

Attorney travel expenses incurred in attending depositions, conferences, and trial are not delineated as costs subject to taxation under 28 U.S.C. § 1920. It is well settled that attorney travel expenses in attending depositions are not recoverable under § 1920. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993); *Wahl v. Carrier Mfg. Co., Inc.*, 511 F.2d 209, 217 (7th Cir. 1975); *Harkins v. Riverboat Services, Inc.*, 286 F.Supp.2d 976, 982 (N.D. Ill. 2003); *Communications Workers of Am. v. Ector County Hosp. Dist.*, 241 F.Supp.2d 617, 638 (W.D. Tex. 2002). Accordingly, the taxation request for $4,235.50 in attorney travel expenses shall be denied.

For the aforementioned reasons, costs shall be awarded in favor of Northrop Grumman and against Plaintiff in the amount of $1,963.98. This Order shall be docketed and mailed to counsel.

Dated this __22nd__ day of __November__, 2004.

                                                   /s/
                                          Frances E. Kessler, Chief Deputy Clerk
                                          for: Felicia Cannon, Clerk of the Court